**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **V.** | * | **CRIMINAL NO. GLR-19-0318** |
| **DANIEL JONES** | * | |

**MEMORANDUM AND ORDER**

Currently pending are Defendant's Motion for Review of Detention Order (ECF No. 332) ("Motion"), Government's Opposition to Motion for Review of Detention Order (ECF No. 337) ("Opposition"), and, in accordance with the court's Order for Supplemental Briefing (ECF No. 344), Supplement to Defendant Daniel Jones's Motion for Review of Detention Order (ECF No. 349), Government's Supplemental Response in Opposition to the Defendant's Motion for Reconsideration of the Order of Detention (ECF No. 351), Second Supplement to Defendant Daniel Jones's Motion for Review of Detention Order (ECF No. 355).    For the reasons stated below, the Motion (ECF No. 332) is denied.

A detention hearing was held in this case on September 20, 2019. After both parties were fully heard, I detailed my reasons for issuing a detention order on the record at the hearing. I issued an Order of Detention summarizing those reasons (ECF No. 155). Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant argues that the COVID-19 Virus Pandemic constitutes changed circumstances warranting the defendant's release, particularly in light of the fact that he suffers

from asthma. Defendant, who is housed at the Chesapeake Detention Facility ("CDF"), argues that, because the virus is present in other institutions, "it seems inevitable that it will spread to that facility, as well." (ECF No. 332 at 4). Because concerns relating to the COVID-19 pandemic were not present at the time of the defendant's original detention hearing, the court agrees that § 3142(f) allows a reopening of the detention decision.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic" and recognizes that it can constitute new information warranting a reconsideration of a detention order. United States v. Martin, Crim. No. PWG-19-140-13, ECF No. 209 at 4 (D. Md. Mar. 17, 2020). Notwithstanding these circumstances, however, the decision whether to release an individual pending trial still requires an individualized assessment of the factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g). Id. at 5. In that regard, I have reviewed the bases for my detention order, and I have reweighed the factors under the Bail Reform Act in light of the current public health emergency, the current COVID-19 situation at the facility where the defendant is being held, the defendant's existing medical conditions, and the defendant's proposed conditions for release. The record in this case regarding the offenses charged and the defendant's background compel me to conclude that conditions of release cannot be fashioned to address community safety, notwithstanding the potential risk of exposure to the virus that the defendant faces while detained. The court fully analyzed the § 3142(g) factors at defendant's detention hearing. As noted in the court's detention order, and detailed on the record at the hearing both by the government and the court, an analysis of these factors overwhelmingly supported a finding that detention was appropriate.

As noted at the time of the detention hearing, the nature of the charges are serious -- the defendant is charged along with 24 other defendants in a drug conspiracy involving the

distribution of substantial amounts of narcotics to include heroin, fentanyl, and crack cocaine.  The defendant was identified during the course of the investigation as having a significant role as a middleman who coordinated drug deals and was actively involved in the conspiracy.  The weight of the evidence is overwhelming and is supported by wiretap evidence, physical surveillance, and search warrants conducted at multiple locations.  Notably, a search warrant executed at an address alleged to be the defendant's residence yielded heroin, cocaine and cocaine base, and ammunition.   The history and characteristics of the defendant also supported the detention order.  At the time of these offenses, the defendant was on federal supervised release for a  felon in possession of a firearm conviction and had just been released from a halfway house for a separate violation of that supervised release.  Indeed, the defendant now has a pending violation of supervised release petition arising out of this case.

     The defendant has a significant criminal record to include multiple convictions for Possession with Intent to Distribute Narcotics, attempted murder and a felon in possession of a firearm conviction.   The defendant has a history of non-compliance with community supervision to include violations of probation and supervised release and a history of continued criminal activity while on release. Further, the defendant has a history of protective orders and an outstanding  arrest warrant  for assault. (ECF Nos. 305, 417 at 5-7).  Based upon all of the above, the court concluded, pursuant to both § 3142 and  § 3143 (the heightened standard applicable given the defendant's pending violation of supervised release) that, by clear and convincing evidence that there were no conditions of release which would reasonably assure the community's safety.  (ECF No. 155).   The defendant appealed this court's detention order to Judge Russell who, at a hearing held on March 9, 2020,  affirmed the detention order relying on the same factors as this court.

In his Motion, defendant argues that he should be released because: 1) his living conditions at CDF do not allow for social distancing, placing him at a higher risk of contracting the virus; 2) he is at a greater risk of getting very sick from COVID-19 because he has asthma; and 3) he has proposed release conditions to address concerns regarding danger to the community.  As this court has previously noted, the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities during this global pandemic.  While the court is concerned for the defendant, and for all others both inside and outside of the detention facility, these concerns do not constitute a basis upon which to release an individual who this court has determined poses a threat to the safety of the community.  As to procedures in place at CDF, the government has proffered that comprehensive precautionary measures have been instituted at CDF to avoid a COVID-19 outbreak. (ECF No. 337 at 6-8).  The defendant's motion does not challenge these procedures or allege that these practices are insufficient to address the needs of detainees.

Nor has defendant made any specific argument, let alone factual proffer, as to why his medical condition is not being adequately addressed.  Indeed, the medical records in this case clearly establish that his respiratory health is normal and his asthma is being adequately addressed.  (ECF No. 351 at 1).  As a result, it appears that the defendant's medical needs are being adequately addressed at CDF, (ECF No. 337 at 9), and do not support a reconsideration of the defendant's detention order.  This court has recently denied motions for release where detainees have claimed that they had medical conditions, including asthma, that made them uniquely vulnerable to COVID-19, but have not established that those conditions warrant a reconsideration of an order of detention.  (Id. at 1-2.) (citing authority).  Finally, the court has considered the defendant's proposed conditions of release (ECF No. 349 at 2-3), and notes that

those conditions are the very same conditions proposed at defendant's original hearing. The court concludes now, as it did then, that those conditions of release are inadequate to address community safety concerns.

In conclusion, the defendant has not presented any new information that would cause me to reconsider my Order of Detention in accordance with 18 U.S.C. § 3142(f).[1]  Based upon the foregoing, the court concludes that the circumstances proffered by the defendant do not constitute a basis upon which to release an individual who the court has determined poses a threat to the safety of the community. Accordingly, Defendant's Motion (ECF No. 332) is denied.

Date:___5/5/20_____          _____/s/_____
                                    Beth P. Gesner
                                    Chief United States Magistrate Judge

---

[1] As noted above, the heightened standard for release set forth in 18 U.S.C. § 3143(a) applies in this case since the defendant has a pending Violation of Supervised Release petition and, for the reasons noted, defendant has clearly not met the standard for release under that section, given that it is a more stringent standard than found in 18 U.S.C. § 3142.  Further, although the defendant has not argued for his temporary release pursuant to 18 U.S.C. § 3142(i), the court has considered release under that section in accordance with applicable case law, and has determined that defendant has not satisfied the standard for temporary release.